LAW OFFICES OF

# RICHARD L. HERZFELD, P.C.
## 112 MADISON AVENUE
## 8TH FLOOR
## NEW YORK, NY 10016

TELEPHONE:
(212) 818-9019

FACSIMILE:
(212) 391-9025

OF COUNSEL
EINBINDER & DUNN

RHERZFELD@HERZFELDLAW.COM

May 6, 2019

Hon. Arlene R. Lindsay
United States Magistrate Judge
U. S. District Court
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:  Ciurcina v. Haros et. al.,
          19-cv-00674-JMA-ARL

Dear Judge Lindsay:

    This letter is to request an extension of time to answer or otherwise move against the complaint to June 25, 2019. The answer or motion is presently due May 17, 2019, pursuant to this court's prior order and plaintiff does not consent beyond a possible 1 week extension.

    Just prior to the action being filed, defendants had filed a declaratory action in Texas seeking a determination of the parties' rights. At that time, plaintiff's claim was that he and defendant Haros were partners in Orland and the complaint was limited to a determination of that issue. When this action was ultimately filed, partnership was no longer claimed; the claim changed to a complaint for hourly compensation for 3 years under quantum meruit or unjust enrichment and ranged from $1 million to $9 million.

    Mr. Ciurcina moved to dismiss the Texas action as it had focused on partnership issues and Mr. Haros and Orland moved to amend to address the new claims. The motion to dismiss was denied and the motion to amend granted.

    Plaintiff again moved to dismiss the amended complaint which motion was granted on April 25, 2019.

    Initially, in this action, plaintiff had asked that defendants execute a waiver of service; because defendants were hopeful that the Texas action might obviate the need to expend time and judicial resources in New York, we entered into a stipulation agreeing to a waiver and extending defendants' time to answer or move to 60 days after the decision in Texas on plaintiff's motion to dismiss, subject to the court's approval.

    However, this Court did not approve the stipulation as the extension would have been open ended. Instead, the court set defendants' time to answer or otherwise move at May 17, 2019.

RICHARD L. HERZFELD, P.C.

Hon. Arlene R. Lindsay
May 6, 2019
Page 2

Although deemed an extension, the waiver of service was not signed until March 13, 2019. As such, the May 17th extension was only a few days from the May 13th date defendants would have had to answer or move in the ordinary course of events.

We now seek an extension consistent with the original agreement of 60 days from the April 25th decision in Texas. Although work has been done to date, the hope was that the Texas decision would render this proceeding moot and making any effort in the present case duplicative and a waste of court time and client funds.

The allegations cover three years of alleged services, both the complaint and potential counterclaims involve operation of oil wells in Texas, the issues involve both New York and Texas laws, much of the information necessary is in Texas, where the wells are located and where Orland has its offices, and Mr. Haros resides in Florida (although he has an office for convenience in New York, Florida is where he spends most of his time).

As a result, I would not be able to finalize an answer or motion by May 17th. In addition, if we opt to proceed by motion, we will need time to request a pre-motion conference in accordance with the court's rules. Finally, the length of the extension is requested as I have a number of other commitments in May/June as well as a family wedding the week of June 17th.

As indicated, although this is technically a second request, in fact, the first extension was de minimus. June 25th would have been the extension date if the original stipulation were approved and while counsel no longer wishes to honor that commitment, it is the date we respectfully request.

Respectfully,

RICHARD L. HERZFELD