

# Pastore & Dailey LLC
### Attorneys At Law

Connecticut • New York • Massachusetts • Florida

*Joseph M. Pastore III*
*203.658.8455 CT*
*646.665.2202 NY*
*jpastore@psdlaw.net*

June 13, 2019

***VIA ECF***

Hon. Joan M. Azrack
United States District Court Judge
U.S. District Court
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: <u>**Ciurcina v. Haros et al. (2:19-cv-00674-JMA-ARL)**</u>

Dear Judge Azrack:

Our firm represents John Ciurcina ("Mr. Ciurcina") in his claims against Nick Haros ("Mr. Haros") and Orland Oil & Gas, LLC ("Orland") (collectively "Defendants") in the above-referenced matter. On June 6, 2019, counsel for Defendants submitted a letter requesting a pre-motion conference with respect to anticipated motions to transfer this matter to the Northern District of Texas ("NDTX") - the court that recently dismissed this case in favor of Mr. Ciurcina - and, in the alternative, for summary judgment. As already determined by the NDTX in its dismissal of Defendants' improper anticipatory action, **Exhibit A**, Defendants' positions are entirely unsupported by fact or law, and there are significant disputes as to material facts which make summary judgment inappropriate.

<u>Defendants' Proposed Motion to Transfer and/or Dismiss</u>

Defendants have already purposefully sought to undermine this Court's jurisdiction with blatant forum shopping through their anticipatory action filed in Texas, and Defendants are maintaining this strategy with their proposed motion to transfer. Defendants have already lost once in the NDTX. Defendants assert both that the Eastern District of New York ("EDNY") is not convenient for Defendants under 28 U.S.C. § 1404(a) and that EDNY lacks personal jurisdiction over Defendants, and therefore, this matter should either be dismissed or transferred to the NDTX.

Regarding Defendants' proposed motion to transfer, the NDTX has already determined

that Texas is not a convenient forum for this lawsuit and that the EDNY is the proper venue.[1] **Exh. A**, at 8. Judge Cummings stated in his dismissal of Defendants' Texas action that "the [NDTX] is not a convenient forum for the issues now before the Court. As [Mr. Ciurcina] points out, both parties to this civil action maintain offices in New York and a large portion of the work conducted took place in New York." **Exh. A**, at 8. Judge Cummings went on to state that "it would be inequitable to require Defendant to further litigate this matter in Texas." **Exh. A**, at 8. It is remarkable that Defendants would now suggest to this Court that a transfer back to the NDTX on convenience grounds is at all fair, and such a suggestion borders on frivolous. It is disrespectful to the NDTX and disrespectful to the intelligence of this Court.

Mr. Ciurcina does not consent to Texas jurisdiction. Defendants failed to discuss the inconvenience that Mr. Ciurcina will experience if his claims for damages that he suffered in New York are litigated in Texas. While Mr. Haros may have made over a billion dollars in New York real estate, Mr. Ciurcina needs to work hourly for his living and would be substantially burdened by having to litigate his claims in Texas and concurrently defend against Defendants' proposed meritless counterclaims in Texas. Justice would not be served by forcing Mr. Ciurcina to litigate his claims for services rendered in New York in Texas, especially after a Federal Judge has declared Texas to be an inconvenient forum.

Defendants are also subject to the EDNY's jurisdiction. Defendants admit in their letter that (i) Mr. Haros, a principal of Orland, maintains a New York office, (ii) Orland maintains bank accounts in New York, and (iii) Mr. Ciurcina managed the Orland website from New York for the benefit of Defendants. Mr. Haros paid Mr. Ciurcina in New York—on the limited occasions he saw fit to compensate Mr. Ciurcina—and Mr. Haros met with Mr. Ciurcina in New York to discuss the ongoing business matters. More importantly, Defendants ignore the fact that they hired a New York attorney whose sole office and residence was in New York to perform their requested services. "Parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (internal quotations omitted). The harm caused to Mr. Ciurcina by Defendants non-payment was entirely felt in New York and when a plaintiff's career is centered in the forum and the harm is felt in the forum, jurisdiction is proper. *Calder v. Jones*, 464 U.S. 783 (1984).

## Defendants' Proposed Motion for Summary Judgment

Defendants' threatened motion for summary judgment fails by the very contents of their letter request. Defendants assert that Mr. Ciurcina has outlined three separate bases for recovery in this matter: (i) finder's fee, (ii) partnership, and (iii) time value of services rendered. Mr. Haros requested extensive and diverse services from Mr. Ciurcina and failed to compensate him appropriately for any such services. The existence of any confusion as to adequate and appropriate

---

[1] Defendants argue that Texas is a convenient forum, however, Mr. Haros and his wife—both members of Orland—are not Texas residents; they reside in Florida and also maintained a residence in New York.

compensation and alternative methods of recovery create a genuine issue of material fact sufficient to defeat Defendants' proposed motion for summary judgment.

Additionally, historic demands on Defendants for payment were made in good faith and for settlement purposes only. Any prior settlement demands were labeled "confidential," "draft" and "for settlement purposes only" and are not admissible to be used against Mr. Ciurcina in a motion for summary judgment. Equally, parties in settlement discussions may discuss claims that they later find less persuasive or unsupported after further investigation and use puffery to advance a set of facts most favorable to their position. Mr. Ciurcina has advanced his strongest position in litigation in favor of judicial economy and a speedy resolution of this matter. Mr. Ciurcina performed business and legal services for Mr. Haros for a period of seven years and such services called for various forms of compensation.[2] He should not now be punished for his prudent and justified economic decisions about how he wishes to proceed collecting the substantial amount of money owed to him by Defendants. Mr. Ciurcina's determination to limit his claims here should be lauded, not penalized.

There are further issues of fact that will prohibit Defendants from a successful motion for summary judgment. Defendants' statute of frauds defense will be unsuccessful, as the services could have been rendered within one year. If Defendants disagree, then this creates another genuine issue of material fact. Defendants' statute of limitations defense will be unsuccessful as the statute of limitations for unjust enrichment is six years in New York and the events of this action are well within this period. N.Y. CPLR § 213(2). Mr. Ciurcina can only speculate as to what counterclaims Mr. Haros will concoct in his shameless attempt to avoid payment to Mr. Ciurcina. Nonetheless, any assertion that Mr. Ciurcina was somehow responsible for Orland's environmental damages creates an issue of material fact. Compliance with environmental regulations post-acquisition is unrelated to Mr. Ciurcina's right to compensation for his hourly work.

For the foregoing reasons, Mr. Ciurcina believes that Defendants' anticipated motions have no merit and serve only to punish the true aggrieved party in this matter.

Respectfully submitted,

Joseph M. Pastore III

Enclosures

cc: Richard L. Herzfeld, Esq.

---

[2] Mr. Ciurcina assisted Mr. Haros in the sale of certain businesses, the acquisition of other businesses, performed legal services on an hourly basis and participated substantially in the management of the Orland business from New York.